UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

TANGSHAN GANGLU IRON & STEEL COMPANY, LTD. a foreign corporation,

   Plaintiff,

v.

MAPUCHE, LLC, a Florida limited liability company and WEI CHEN, an individual,

   Defendants.

Case No. 0:14-cv-61093-JIC

### EMERGENCY MOTION TO APPOINT CUSTODIAN PURSUANT TO FED. R. CIV. P. 66 AND IN RELIANCE ON AUTHORITY PROVIDED BY FLA. STAT. SECTIONS 605.0703 AND 605.0704 AND INCORPORATED MEMORANDUM OF LAW

Plaintiff TANGSHAN GANGLU IRON & STEEL COMPANY, LTD., a foreign corporation ("Ganglu"), by its attorneys, Duane Morris LLP, pursuant to Fed. R. Civ. P. 66, and in reliance on the authority provided by Sections 605.0703 and 605.0704, Florida Statutes, hereby files this Emergency Motion for the Appointment of a Custodian to manage the business and affairs of Defendant MAPUCHE, LLC, a Florida limited liability company ("Mapuche"). In support, Plaintiff Ganglu states as follows:

### I. INTRODUCTION

Plaintiff Ganglu is a member of Defendant Mapuche, and the owner of an 80% interest. Ganglu is entitled to have this Court enter an emergency order appointing a custodian to manage the business and affairs of Mapuche because, as set forth more fully below, Plaintiff Ganglu has filed this action in order to have this Court judicially dissolve Mapuche because Defendant WEI CHEN, the Manager of Mapuche who is in control of the company ("Chen"), has acted and is acting in a manner that is illegal and fraudulent. Moreover, because of the actions of Defendant

Chen, Mapuche's assets are being misappropriated or wasted, causing injury to Mapuche and also causing injury to Plaintiff Ganglu. Moreover, Plaintiff Ganglu does not have any adequate legal remedies and there is no less severe equitable remedy available. Lastly, based on the level of mismanagement and waste caused by Defendant Chen, it is unlikely that a receiver may do more harm than good.

Based on the foregoing and based on the authorities set forth more fully below, the appointment of a custodian is entirely proper in this case.

## II. EMERGENCY NATURE OF THE RELIEF REQUESTED

Plaintiff Ganglu can show good cause why this Court should waive the time requirements of S.D. Fla. L. R. 7.1 and grant an immediate hearing on this matter. As detailed more fully below, a closing is set for June 2, 2014, on a piece of real property which is supposed to be purchased by Mapuche and for which Mapuche has already paid $1,800,000.00 in deposits.[1] However, as it currently stands, Defendant Chen is attempting to have the property transferred at closing to a company that he alone controls. Moreover, the $1,800,000.00 in deposits which Mapuche has paid is incorrectly being credited to Defendant Chen and the company he controls. Therefore, an expedited procedure is necessary here in order to ensure that the interests and assets of Mapuche are not dissipated or wasted.

This Motion is accompanied by the form available on the Court's website.

## III. FACTUAL BACKGROUND

Plaintiff Ganglu relies on the allegations set forth in its Verified Complaint for Judicial Dissolution of Limited Liability Company and for Injunctive Relief (the "Verified Complaint"),

---

[1] There is a discrepancy *vis-à-vis* the deposits that have been paid. Plaintiff Ganglu has turned over $1,800,000.00 in deposits but there has only been $1,300,000.00 in deposits credited. A sum of $500,000.00 remains unaccounted for.

2

on file with this Court. Plaintiff Ganglu also adds the following evidentiary support for this Motion.

Mapuche is the sole member and owner of US Capital Holdings, LLC, a Florida limited liability company ("US Capital Holdings") doing business as US Capital Holdings Group. US Capital Holdings, for its part, is the sole member and owner of US Capital/Fashion Mall, LLC, a Florida limited liability company ("US Capital/Fashion Mall"). *See* September 7, 2010 Letter from Pamela Anselmo, Esq. to Wei Chen, attached hereto as Exhibit "1".

Mapuche, US Capital Holdings and US Capital/Fashion Mall were created to purchase a group of properties which made up the old Plantation Fashion Mall (the "Mall Properties"), and to rehab and re-develop the once high-end destination and convert it into a mixed use facility with housing, offices and shopping (the "Mall Project"). *See* Brochure and Materials for 321 North Project, attached hereto as Exhibit "2".

The Mall Project has been thwarted and stymied by the actions of Defendant Chen, Mapuche's Manager, who has acted and is acting in a manner that is illegal and fraudulent and has misappropriated or wasted the assets of Mapuche, causing injury to Mapuche and also causing injury to Plaintiff Ganglu. For example:

(a) Defendant Chen has misappropriated $48,650,000.00 loaned by Plaintiff Ganglu to Mapuche between March and September 2012, for the development of the Mall Project. Despite repeated requests, Defendant Chen cannot account for the money. *See* Exhibit "3".

(b) Defendant Chen has fraudulently titled the property located at 375 North University Drive, Plantation, Florida 33324 (the site of the former Merritt Flower Shop), in his individual name despite the fact that (i) the property was purchased by Mapuche as part of the Mall Project, and (ii) all monies for said purchase came from Plaintiff Ganglu. *See* Composite Exhibit "4".

(c)   Defendant Chen has fraudulently used one of his companies, WCH Hospitality, LLC ("WCH Hospitality"), to execute a contract to purchase the real property located at 311 North University Drive, Plantation, Florida 33324. *See* Composite Exhibit "5". That property is the current site of a Sheraton Hotel and it is the last remaining parcel needed to assemble the Mall Properties. *Id.* Moreover, Defendant Chen and WCH Hospitality have fraudulently taken credit for $1,300,000.00 of the deposit paid by Plaintiff Ganglu for the purchase of the parcel. *Id. See also* Exhibit "3". The closing on the purchase of that property is set for June 2, 2014. *See* Composite Exhibit 5".

(d)   Defendant Chen has permitted the Mall Properties to deteriorate and has stood by and allowed code violations to accumulate against the Mall Properties, with fines exceeding $50,000.00 being imposed by the City of Plantation. *See* Exhibit "6".

(e)   Defendant Chen has damaged the reputation of Mapuche and has caused a loss of confidence in Mapuche's ability to complete the Mall Project. *See* Exhibit "7".

(f)   Defendant Chen has either not maintained adequate books and records for Mapuche or is in the process of disappearing or destroying the existing books and records such that it will be impossible to trace the in-flow and out-flow of monies to the company. *See* Exhibit "8" at Section 5.8.

## IV. MEMORANDUM OF LAW

**THE APPLICABLE FACTORS TO BE CONSIDERED BY THIS COURT IN DETERMINING WHETHER TO APPOINT A RECEIVER WEIGH IN FAVOR OF APPOINTING A CUSTODIAN TO MANAGE THE BUSINESS AND AFFAIRS OF MAPUCHE.**

A.   *The Applicable Law.*

In the Eleventh Circuit, the appointment of a receiver in a diversity action is governed by federal law. *Branch Banking and Trust Co. v. Oldsmar Galleria, LLC,* 2012 WL 3262879 at *2

(M.D. Fla. Jul. 20, 2012), citing *Nat'l P'ship Inv. Corp. v. Nat'l Hous. Dev. Corp.*, 153 F. 3d 1289, 1292 (11th Cir. 1998). Under federal law, while it is true that appointment of a receiver is an extraordinary equitable remedy available when there is no remedy at law or the remedy is inadequate,[2] "the appointment of receiver ***is not*** a drastic remedy." *U.S. v. Berk & Berk*, 767 F.Supp. 593, 597 (D. N.J. 1991) (emphasis added).

Factors courts consider in determining whether to appoint a receiver include (1) whether fraudulent activity has or will occur, (2) the validity of the claim, (3) the danger that property will be lost or diminished in value, (4) inadequacy of legal remedies, (5) the availability of a less severe equitable remedy, and (6) the probability that a receiver may do more harm than good. *Calliope Capital Corp. v. Earthfirst Technologies, Inc.*, 2008 WL 1995077, at *2 (M.D. Fla. May 6, 2008).

> B. *There is Ample Record Evidence that Fraudulent Activity has Occurred and Will Continue to Occur Unless a Custodian is Appointed for Mapuche.*

The first element set forth in the *Calliope Capital Corp.* case is "whether fraudulent activity has or will occur."[3] In the present case, as set forth above, Plaintiff Ganglu has put forth ample evidence of the fraudulent activity by Defendant Chen. Moreover, based on the magnitude of Defendant Chen's fraudulent conduct, there is no reason to doubt that unless a custodian is appointed, Defendant Chen's fraud will continue.

---

[2]  *See id.*

[3]  Florida law is in accord. For example, in *Edenfield v. Crisp*, 186 So. 2d 545, 548 (Fla. 2d DCA 1966), the court upheld the appointment of receiver for an inactive corporation where the controlling shareholders were alleged to have committed fraud and mismanaged the corporation to the detriment of minority shareholders. *See also McAllister Hotel, Inc. v. Schatzberg*, 40 So. 2d 201, 203 (Fla. 1949) ("[A] Receiver may be appointed to wind up the affairs of a corporation or manage and operate its business when actual fraud, or mismanagement amounting to fraud upon the rights of a minority stockholder or creditor which may reasonably portend imminent danger of loss of corporate assets and seriously threaten corporate existence, is clearly established.")

C. *Plaintiff Ganglu Has a Valid Claim for Judicial Dissolution.*

Section 605.0702(1)(b), Florida Statutes, provides that in a proceeding brought by a manager or member, a court may dissolve a limited liability company if it established that "[t]he managers or members in control of the company have acted, are acting, or are reasonably expected to act in a manner that is illegal or fraudulent;" or "[t]he limited liability company's assets are being misappropriated or wasted, causing injury to the limited liability company, or in a proceeding by a member, causing injury to one or more of its members." *See* Section 605.0702(1)(b)(3) and (4), Florida Statutes. Applying this standard and based on the facts set forth above, Plaintiff Ganglu has presented ample evidence to support its claim for judicial dissolution.

Moreover, Plaintiff Ganglu has also has presented a legal basis to support its additional claim that a custodian should be appointed in connection with the judicial dissolution, to exercise all of the powers of Mapuche, in the place of its manager, Defendant Chen, to the extent necessary to manage the activities and affairs of Mapuche in the best interest of its members and creditors. This is because Section 605.0703(4), Florida Statutes states that:

> (4) In a proceeding brought under s. 605.0702, the court may, upon a showing of sufficient merit to warrant such a remedy:
>
> (a) Appoint a receiver or custodian under s. 605.0704;
>
> (b) Order a purchase of a petitioning member's interest pursuant to s. 605.0706; or
>
> (c) Upon a showing of good cause, order another remedy the court deems appropriate in its discretion, including an equitable remedy.

*See* Section 605.0703(4), Florida Statutes. And, the custodian can be empowered to "exercise all of the powers of the limited liability company, ***through or in place of its managers or members,*** to the extent necessary to manage the activities and affairs of the limited liability company in the

best interest of its members and creditors." *See* Section 605.0704(3)(b), Florida Statutes (emphasis added).

Based on the foregoing, Ganglu has met the second factor for appointment of a receiver.

> D. *There is Ample Record Evidence that the Property of Mapuche Will Be Lost or Diminished in Value Unless a Custodian is Appointed for Mapuche.*

The third element set forth in the *Calliope Capital Corp.* case is "the danger that the property will be lost or diminished in value." In the present case, as set forth above, Plaintiff Ganglu has put forth ample evidence of the actions of Defendant Chen which severely put at risk the property and assets of Mapuche. Moreover, in light of the fact that the closing on the real property located at 311 North University Drive, Plantation, Florida 33324, is to occur on June 2, 2014, unless a custodian is appointed immediately who can make sure that the transfer of the real property located at 311 North University Drive, Plantation, Florida 33324 is made to the correct party, Defendant Chen will succeed in dissipating the assets of Mapuche.

> E. *Plaintiff Ganglu Does Not Have an Adequate Legal Remedy and Therefore, a Custodian Should be Appointed for Mapuche.*

The forth element set forth in the *Calliope Capital Corp.* case is "the inadequacy of legal remedies." Here, as set forth above and in the Verified Complaint, Defendant Chen, the Manager of Mapuche, is acting in a manner that is illegal and fraudulent. Moreover, because of the actions of Defendant Chen, Mapuche's assets are being misappropriated or wasted, causing injury to Mapuche and also causing injury to Plaintiff Ganglu.

The case of *Health & Body Store, LLC v. JustBrand Ltd.*, 2012 WL 4006041, at *1 (E.D. Pa. Sept. 11, 2012) is instructive. In *Health & Body Store, LLC,* Plaintiffs HotHeadz International, Inc. ("HotHeadz") and Health and Body Store, LLC ("HBS") filed a motion seeking an order from the court precluding Defendants from "operating two websites (the

7

"Websites") that Defendants had developed, and which the parties had previously used to conduct an Internet business." *Id.* Specifically, Plaintiffs sought "an Order giving 'control of the two Websites back to the commonly owned company, Health and Body Store, LLC.'" *Id.* Although the United States District Court for the Eastern District of Pennsylvania initially denied the motion, on remand the Court concluded that "return of the Websites to HBS is necessary to preserve the status quo pending final resolution of this case." *Id.* However, the court also determined that the appointment of an interim receiver was necessary, stating:

> The circumstances in this case are sufficiently extreme to warrant appointment of an Interim Receiver. ***There is no remedy at law that will adequately compensate either party for the loss of goodwill and reputation that could result from mismanagement of the business.*** Joint management of the Websites by HotHeadz and the Defendants without an effective method in place to settle disagreements ***would create a significant danger that the assets of the business would be squandered or diminished in value as a result of the personal animosity between the parties.***

*Id.* at *6 (emphasis added).

In the case of *Syphers v. Scardino*, 1985 WL 4283, at *6 (E.D. Pa. Dec. 5, 1985), "Plaintiffs moved for the appointment of a receiver to administer the affairs of [the corporation] pending the outcome of this action." In addressing whether this case warranted the appointment of a receiver, the United States District Court for the Eastern District of Pennsylvania stated:

> The cases in which courts have appointed receivers are marked by cumulative facts demonstrating either that operation of the corporation without a receiver would be impossible or that those in control of the corporation have so egregiously misused their position of control that there is ground to anticipate that the corporate assets would be dissipated before the plaintiffs could obtain any legal relief.

*Id.*

Based on the foregoing, Plaintiff Ganglu has met the forth element.

  F. *There is not a Less Severe Equitable Remedy than the Appointment of a Custodian for Mapuche.*

The fifth element set forth in the *Calliope Capital Corp.* case is "the availability of a less severe equitable remedy." Under Florida law, a custodian can be empowered to "exercise all of the powers of the limited liability company, ***through or in place of its managers or members,*** to the extent necessary to manage the activities and affairs of the limited liability company in the best interest of its members and creditors." *See* Section 605.0704(3)(b), Florida Statutes (emphasis added). In the present case, all that Plaintiff Ganglu is asking is for a custodian to be appointed to exercise precisely the same powers that would be exercised by the manager. There is nothing extreme or drastic about this and, in fact, this is the least severe equitable remedy that Plaintiff Ganglu can propose. Therefore, Plaintiff Ganglu has met the fifth element.

  G. *There is Little Chance that the Appointment of a Custodian for Mapuche Will do More Harm than Good.*

The sixth element set forth in the *Calliope Capital Corp.* case is "the probability that a receiver may do more harm than good." In light of the damage that Defendant Chen has already caused to the Mall Project and to Mapuche, there is little chance that the appointment of a custodian for Mapuche will do more harm than good.

  H. *Plaintiff Ganglu requests that the Court Appoint Jianan Du as the Custodian for Mapuche.*

Jianan Du ("Mr. Du") is an experienced Project Manager who has extensive knowledge of the Mall Properties, the Mall Project, and the relationship between the various companies involved in the Mall Project. Mr. Du is also fully fluent in English and Mandarin Chinese, which is key in connection with this assignment because many of the relevant documents are in Chinese and many of the individuals having knowledge of the affairs of Mapuche are Chinese speakers. Mr. Du's qualifications are more fully described in his CV which is attached hereto as Exhibit "9".

9

## V. CONCLUSION

For all the foregoing reasons, Plaintiff TANGSHAN GANGLU IRON & STEEL COMPANY, LTD. respectfully requests that the Court grant this Emergency Motion and appoint a custodian to manage the business and affairs of Defendant MAPUCHE, LLC.

### CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(a)(3)(A)

Because service of process has not yet been effectuated on Defendant, the counsel for the movant is unable confer with all parties and hereby certifies compliance with Local Rule 7.1(a)(3)(B) at this time, however a copy of which will be served with the Verified Complaint.

Respectfully submitted,

Dated: 8th day of May, 2014

**DUANE MORRIS LLP**

By: /s/ Lida Rodriguez-Taseff
    Lida Rodriguez-Taseff, Esq.
    Florida Bar No.: 039111
    LRTaseff@duanemorris.com
    200 South Biscayne Boulevard, Suite 3400
    Miami, Florida 33131
    Telephone: 305.960.2242
    Facsimile:  305.397.2443
    Secondary Email for Lida Rodriguez-Taseff:
    DPerez@duanemorris.com
    YArnavat-Parga@duanemorris.com
    *Attorneys for Tangshan Ganglu Iron & Steel Company, LTD.*