UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

TANGSHAN GANGLU IRON & STEEL
COMPANY, LTD. a foreign corporation,

   Plaintiff,

v.                                                     Civ. Act. No. 0:14-cv-61093-JIC

MAPUCHE, LLC, a Florida limited liability
company and WEI CHEN, an individual,

   Defendants

## AMENDED VERIFIED COMPLAINT
## FOR JUDICIAL DISSOLUTION OF
## LIMITED LIABILITY COMPANY AND FOR INJUNCTIVE RELIEF

Plaintiff TANGSHAN GANGLU IRON & STEEL COMPANY, LTD., a foreign corporation ("Ganglu"), by its attorneys, Duane Morris LLP, hereby files this Amended Verified Complaint for Judicial Dissolution of Limited Liability Company and for Injunctive Relief in order to judicially dissolve Defendant, MAPUCHE, LLC, a Florida limited liability company ("Mapuche").[1] Ganglu alleges as follows:

---

[1] Plaintiff Ganglu is hereby amending its Verified Complaint for Judicial Dissolution of Limited Liability Company and for Injunctive Relief because this lawsuit should proceed under Chapter 608, Florida Statutes, rather than Chapter 605, Florida Statutes.  Under Section 605.1108, Florida Statutes, before January 1, 2015, Chapter 605 governs only:

> (a)   A limited liability company formed on or after January 1, 2014; and
>
> (b)   A limited liability company formed before January 1, 2014, which elects, in the manner provided in its operating agreement or by law for amending the operating agreement, to be subject to [Chapter 605].

*See* Section 605.1108(1)(a) and (b), Florida Statutes.  This case relates to Defendant Mapuche, a Florida limited liability company which was formed on November 12, 2004.  Moreover,

## PARTIES

1.  Plaintiff Ganglu is a foreign corporation with its principal address at Zhenhai Dong Jie, Zunhua City, Hebei Province, People's Republic of China. Plaintiff Ganglu is the owner of four units of issued and outstanding membership interests in Mapuche, equaling an 80% ownership interest.

2.  Defendant Mapuche is a Florida limited liability company formed on November 12, 2004. Mapuche has its principal addresses at 375 North University Drive, Plantation, Florida 33324.

3.  Defendant WEI CHEN ("Chen") is an individual residing at 21200 NE 38th Avenue, Apartment 2703, Aventura, Florida 33180. Defendant Chen is the owner of one unit of issued and outstanding membership interests in Mapuche, equaling a 20% ownership interest. Defendant Chen is also the Manager of Mapuche.

## JURISDICTION AND VENUE

4.  The Court has subject matter jurisdiction based on 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000.00 and there is complete diversity between the Plaintiff and Defendants.

5.  The Court has supplemental jurisdiction over Plaintiff Ganglu's state-law claims pursuant to 28 U.S.C. §1367. This is an action for judicial dissolution of Defendant Mapuche pursuant to Section 608.449, Florida Statutes and for injunctive relief under Section 608.4491(3), Florida Statutes.

6.  Venue in this Court is proper pursuant to 28 USC § 1391(b) and Section 608.4491(1), Florida Statutes. Mapuche's principal office is located in Broward County, Florida, as shown by the records of the Florida Department of State, Division of Corporations. Moreover,

---

Defendant Mapuche has not elected to be subject to Chapter 605. Therefore, this lawsuit is properly being brought under Chapter 608, Florida Statutes.

the Third Amended and Restated Limited Liability Company Agreement of Mapuche, LLC (the "LLC Agreement"), provides as follows:

> 9.9. Governing Law; Venue. ***This Agreement shall be governed by and construed, interpreted and enforced in accordance with the laws of the State of Florida,*** without giving effect to any of the conflicts of laws provisions thereof that would require the application of the substantive laws of any other jurisdiction. ***In connection with any dispute related to this Agreement, each of the parties hereto hereby irrevocably and unconditionally (a) submits to the exclusive jurisdiction of the United States District Court for the Southern District of Florida***, or, in the alternative, the jurisdiction of any court of competent civil jurisdiction sitting in Broward County, Florida, and (b) waives the right and agrees not to assert by way of motion, as a defense or otherwise in any action, suit or other legal proceeding brought in any such court, any claim that it, he or she is not subject to the jurisdiction of such court, that such action, suit or proceeding is brought in an inconvenient forum ***or that the venue of such action, suit or proceeding is improper.*** Each of the parties hereto also irrevocably and unconditionally consents to the service of any process, pleadings, notices or other papers in a manner permitted by the notice provisions of Section 9.6 hereof.

*See* LLC Agreement, attached hereto as Exhibit "A", at § 9.9 (emphasis added).

## GENERAL BACKGROUND

7. Mapuche is the sole member and owner of US Capital Holdings, LLC, a Florida limited liability company ("US Capital Holdings") doing business as US Capital Holdings Group. US Capital Holdings, for its part, is the sole member and owner of US Capital/Fashion Mall, LLC, a Florida limited liability company ("US Capital/Fashion Mall").

8. Mapuche, US Capital Holdings and US Capital/Fashion Mall were created to purchase a group of properties which made up the old Plantation Fashion Mall (the "Mall Properties"), and to rehab and re-develop the once high-end destination and convert it into a mixed use facility with housing, offices and shopping (the "Mall Project").

9. As set forth more fully below, the Mall Project has been thwarted and stymied by the actions of Defendant Chen, Mapuche's Manager, who has defrauded Mapuche, has essentially abandoned his managerial duties and has sought to serve and benefit only himself.

## COUNT I—JUDICIAL DISSOLUTION OF MAPUCHE, LLC UNDER SECTION 608.449, FLORIDA STATUTES

10. Plaintiff Ganglu re-asserts the allegations of paragraphs 1 through 9 above as if fully set forth herein.

11. This is an action for judicial dissolution of Mapuche under Section 608.449(2), Florida Statutes.

12. Plaintiff Ganglu, as a member of Mapuche holding an 80% membership interest, is seeking to judicially dissolve Mapuche because Defendant Chen, the Manager of Mapuche who is in control of the company, has acted and is acting in a manner that is illegal and fraudulent. Moreover, because of the actions of Defendant Chen, Mapuche's assets are being misappropriated or wasted, causing injury to Mapuche and also causing injury to Plaintiff Ganglu. For example:

(a) Defendant Chen has misappropriated $48,650,000 of the $50,000,000.00 loaned to Mapuche between March and September 2012 for the development of the Mall Project, of which Plaintiff Ganglu is the guarantor. Despite repeated requests, Defendant Chen cannot account for the money.

(b) Defendant Chen has fraudulently titled the property located at 375 North University Drive, Plantation, Florida 33324 (the site of the former Merritt Flower Shop), in his individual name despite the fact that (i) the property was purchased by Mapuche as part of the Mall Project, and (ii) all monies for said purchase came from Plaintiff Ganglu.

(c) Defendant Chen has fraudulently used one of his companies, WCH Hospitality, LLC ("WCH Hospitality"), to execute a contract to purchase the real property located

at 311 North University Drive, Plantation, Florida 33324. That property is the current site of a Sheraton Hotel and it is the last remaining parcel needed to assemble the Mall Properties. Moreover, Defendant Chen and WCH Hospitality have fraudulently taken credit for $1,300,000.00 of the $1,800,000.00 deposit paid by Plaintiff Ganglu for the purchase of the parcel. The closing on the purchase of that property is set for June 2, 2014.

(d) Defendant Chen has permitted the Mall Properties to deteriorate and has stood by and allowed code violations to accumulate against the Mall Properties, with fines exceeding $50,000.00 being imposed by the City of Plantation.

(e) Defendant Chen has damaged the reputation of Mapuche and has caused a loss of confidence in Mapuche's ability to complete the Mall Project.

(f) Defendant Chen has either not maintained adequate books and records for Mapuche or is in the process of disappearing or destroying the existing books and records such that it will be impossible to trace the in-flow and out-flow of monies to the company.

13. Judicial dissolution, and thus judicial supervision regarding the wind-up, will accomplish the needs of Mapuche.

**WHEREFORE**, Plaintiff TANGSHAN GANGLU IRON & STEEL COMPANY, LTD. requests that this Court enter judgment (i) judicially dissolving Defendant MAPUCHE, LLC; (ii) appointing a custodian to manage the business affairs of Defendant MAPUCHE, LLC; (iii) awarding to Plaintiff TANGSHAN GANGLU IRON & STEEL COMPANY, LTD. its costs in bringing this action; and (iv) awarding all other relief that the Court deems just and proper.

### COUNT II
### TEMPORARY AND PERMANENT INJUNCTION
### UNDER SECTION 608.4491(3), FLORIDA STATUTES

14. Plaintiff Ganglu re-asserts the allegations of paragraphs 1 through 13 above as if fully set forth herein.

DM1\4668148.1

15. This is a claim for temporary and permanent injunctive relief under Section 608.4491(3), Florida Statutes.

16. Plaintiff Ganglu is entitled to temporary injunctive relief, in addition to permanent injunctive relief because such relief is required to preserve Mapuche's assets wherever located, and to carry on the business of Mapuche until a full hearing can be held.

17. Plaintiff Ganglu has a substantial likelihood of success on the merits; the actions of Defendant Chen are causing and will continue to cause irreparable harm to Mapuche without the issuance of an injunction herein; Plaintiff Ganglu does not have an adequate remedy at law; Plaintiff Ganglu's injury far outweighs the injury of the Defendant Chen; and an injunction would serve the public interest.

**WHEREFORE**, Plaintiff TANGSHAN GANGLU IRON & STEEL COMPANY, LTD. requests that this Court enter a temporary and thereafter permanent injunction (i) enjoining Defendant WEI CHEN from disposing of any of the assets of Mapuche, or disposing of disappearing or destroying the existing books and records of Mapuche, or causing any further damage to the goodwill or reputation of Mapuche; (iii) awarding to Plaintiff TANGSHAN GANGLU IRON & STEEL COMPANY, LTD. its costs in bringing this action; and (c) granting such further relief as the Court deems just and proper.

Dated: 13th day of May, 2014

Respectfully submitted,

DUANE MORRIS LLP

By: _____
Lida Rodriguez-Taseff, Esq.
Florida Bar No.: 039111
LRTaseff@duanemorris.com
Scott H. Marder, Esq.
Florida Bar No.: 894450
SHMarder@duanemorris.com
Nicole L. Levy, Esq.

Florida Bar No.: 106995
NLLevy@duanemorris.com
200 South Biscayne Boulevard, Suite 3400
Miami, Florida 33131
Telephone: 305.960.2240
Facsimile: 305.397.2443
Secondary Emails for Lida Rodriguez-Taseff:
DPerez@duanemorris.com
YArnavat-Parga@duanemorris.com
*Attorneys for Tangshan Ganglu Iron & Steel Company, LTD.*

## VERIFICATION

After being duly sworn, I reviewed the foregoing Amended Verified Complaint for Judicial Dissolution of Limited Liability Company and for Injunctive Relief and to the best of my knowledge, it is true and correct in all respects.

TANGSHAN GANGLU IRON & STEEL
COMPANY, LTD.

By: _____
Zhen Zeng Du
Chairman