UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-61093-CIV-COHN/SELTZER

TANGSHAN GANGLU IRON &
STEEL COMPANY, LTD.,

    Plaintiff,

v.

MAPUCHE, LLC, and WEI CHEN,

    Defendants.
_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendant Mapuche, LLC's Motion to Dismiss Amended Verified Complaint [DE 24] ("Motion").  The Court has carefully reviewed the Motion and all related filings and is otherwise advised in the premises.

**I.     Background**

Plaintiff Tangshan Ganglu Iron & Steel Company, Ltd. ("Tangshan") is a foreign corporation based in China.  See DE 11 (Am. Verified Compl.) at 2, ¶ 1.  Tangshan owns eighty percent of Defendant Mapuche, LLC ("Mapuche"), a Florida limited-liability company engaged in real-estate development.  See id. at 2, ¶¶ 1-2; id. at 3, ¶¶ 7-8.  Defendant Wei Chen, a United States citizen who resides in Florida, owns twenty percent of Mapuche and manages the company.  See id. at 2, ¶ 3; DE 11-1 at 26.

On May 7, 2014, Tangshan brought this action against Mapuche and Chen based on diversity jurisdiction.  See DE 1 (Verified Compl.) at 2, ¶ 4; DE 11 at 2, ¶ 4.[1] Tangshan claims that Chen has committed several illegal and fraudulent acts involving

---

[1] Tangshan later amended its Complaint to clarify the Florida statues governing this action and the basis for venue in this Court.  See DE 11 at 1-2 n.1; id. at 2-3, ¶ 6. Otherwise, the Amended Complaint is substantially identical to the original Complaint.

Mapuche, including misappropriating funds and property from Mapuche and Tangshan. See DE 11 at 4-5. Relying on Florida law, Tangshan requests that the Court judicially dissolve Mapuche, appoint a custodian to manage the firm, and enter an injunction against Chen. See id. at 4-6.

In its present Motion, Mapuche argues that (1) the Court lacks subject-matter jurisdiction because the parties are not completely diverse; and (2) Tangshan has contractually waived its right to seek judicial dissolution of Mapuche. See DE 24. Tangshan has filed a Response opposing the Motion, and Mapuche has filed a Reply. See DE 42; DE 45. The Motion is now ripe for decision.

## II.    Discussion

"'Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant.'" Flintock Constr. Servs., LLC v. Well-Come Holdings, LLC, 710 F.3d 1221, 1224 (11th Cir. 2013) (quoting Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998)). In assessing whether complete diversity exists, "[a] corporation is considered a citizen of every state in which it has been incorporated and where it has its principal place of business." Id. (citing 28 U.S.C. § 1332(c)(1)). Further, "a limited liability company is a citizen of any state of which a member of the company is a citizen." Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004) (per curiam). "The burden of pleading diversity of citizenship is upon the party invoking federal jurisdiction, and if jurisdiction is properly challenged, that party also bears the burden of proof." Ray v. Bird & Son & Asset Realization Co., 519 F.2d 1081, 1082 (5th Cir. 1975).[2]

---

[2] Decisions of the former Fifth Circuit issued before October 1, 1981, are binding precedent in the Eleventh Circuit. See Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

Here, Plaintiff Tangshan is a Chinese corporation with its principal place of business in China.  See DE 11 at 2, ¶ 1.  Tangshan is therefore a citizen of China for purposes of diversity jurisdiction.  See Flintock Constr. Servs., 710 F.3d at 1224.  Defendant Chen is a citizen of Florida.  See id. at 2, ¶ 3; DE 11-1 at 26.  And because Defendant Mapuche's members are Tangshan and Chen, Mapuche is a citizen of China and Florida.  See Rolling Greens MHP, L.P., 374 F.3d at 1022.  The presence of a foreign citizen on both sides of this case destroys complete diversity.  See Flintock Constr. Servs., 710 F.3d at 1224; see also Iraola & CIA, S.A. v. Kimberly-Clark Corp., 232 F.3d 854, 860 (11th Cir. 2000) ("It is a standard rule that federal courts do not have diversity jurisdiction over cases where there are foreign entities on both sides of the action, without the presence of citizens of a state on both sides.").[3]

Tangshan contends that Mapuche is merely a nominal party to this case and therefore that the Court should ignore Mapuche's citizenship in evaluating diversity.  See Navarro Savings Ass'n v. Lee, 446 U.S. 458, 461 (1980).  The Court disagrees.  Tangshan and Chen, the members of Mapuche, do have a real interest in the outcome of this litigation.  But Mapuche—a legal entity distinct from its members—also has such an interest.  Indeed, Tangshan seeks to appoint a custodian to manage Mapuche's business and ultimately to dissolve Mapuche.  It is hard to imagine a case in which a limited-liability company would have a greater stake in the outcome.  See Masters v. Harkleroad, 303 F. App'x 859, 861 (11th Cir. 2008) (per curiam) (dismissing case for lack of complete diversity between plaintiffs and LLC defendants, and rejecting

---

[3] The Court recognizes that if a non-Florida United States citizen were also a Plaintiff here, then complete diversity would be deemed to exist.  See 28 U.S.C. § 1332(a)(3) (providing jurisdiction over actions between "citizens of different States and in which citizens or subjects of a foreign state are additional parties").  But since no such party is present, Tangshan cannot rely on § 1332(a)(3) as a basis for jurisdiction.

argument that LLCs for which plaintiffs sought receivership and dissolution were "merely nominal parties for purposes of diversity jurisdiction").[4]

### III.  Conclusion

For the reasons discussed, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Defendant Mapuche, LLC's Motion to Dismiss Amended Verified Complaint [DE 24] is **GRANTED**;

2. The above-styled action is **DISMISSED** for lack of subject-matter jurisdiction; and

3. The Clerk shall **CLOSE** this case and **DENY AS MOOT** all pending motions.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 20th day of May, 2014.

_____
JAMES I. COHN
United States District Judge

Copies provided to:

Counsel of record via CM/ECF

---

[4] The Court has considered Tangshan's other arguments, including those concerning Masters, but finds them to be without merit.  Also, because federal jurisdiction is absent here, the Court declines to address Mapuche's argument that Tangshan waived its right to seek judicial dissolution of Mapuche.